IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT CASPINO, | ) | CIV. NO. 12-00310 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| CLAYTON A. FRANK; STATE OF HAWAI'I; and JOHN AND/OR JANE DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

In this removed case, Robert Caspino, a former state inmate, claims to have been held in prison too long by the State of Hawaii and its Director of Public Safety, Clayton A. Frank. Caspino brings claims under federal and state law.

The State has moved for summary judgment. See ECF No. 13. That motion is granted. The State of Hawaii and Frank in his official capacity are immune with respect to the § 1983 claim asserted in the Complaint because states (and state agents acting in their official capacities) are not persons for purposes of § 1983. With respect to the § 1983 claim against Frank in his individual capacity, Frank has qualified immunity because he did not violate any clearly established law. Finally, because the State of Hawaii and Frank have demonstrated as a matter of law

that they did not overdetain Caspino, summary judgment is granted in their favor with respect to the remaining claims.

**II.        FACTUAL BACKGROUND.**

In March 2006, Caspino violated the terms of his probation in two separate criminal cases in state court. His probation was revoked, and he was resentenced in both cases. See Order of Resentencing, ECF No. 14-1, PageID #s 112-13; Order of Resentencing, ECF No. 14-1, PageID #s 114-16.

In the first case, Criminal Number 01-1-2684, Judge Karl K. Sakamoto resentenced Caspino on March 3, 2006. In that case, Caspino had been earlier judged guilty of Count 1 (criminal conspiracy in violation of section 505-520 of Hawaii Revised Statutes), Counts 2 and 3 (two counts of theft in the second degree in violation of section 708-831(1)(b) of Hawaii Revised Statutes), and Counts 15 to 21 and 25 to 31 (multiple counts of forgery in the second degree in violation of section 708-852 of Hawaii Revised Statutes). Judge Sakamoto resentenced Caspino to a period of five years of imprisonment for each count (Counts 1, 2, 3, 15 to 21, and 25 to 31), with the terms running concurrently with each other and with any other term of incarceration Caspino was then serving. He was given credit for time served. See Order of Resentencing, ECF No. 14-1, PageID #s 112-13.

In the second case, Criminal Number 04-1-0713, Judge Michael D. Wilson resentenced Caspino on March 15, 2006. In that case, Caspino had been earlier judged guilty of Counts 1 and 2 (two counts of sexual assault in the third degree in violation of section 707-732(1)(b) of Hawaii Revised Statutes). Judge Wilson resentenced Caspino to "FIVE (5) YEARS INCARCERATION, TO RUN CONCURRENTLY WITH CTS. 1 AND 2." See Order of Resentencing, ECF No. 14-1, PageID #s 114-16.

The State has a statute governing multiple sentences of imprisonment, section 706-668.5 of Hawaii Revised Statutes. As of March 2006, that statute read:

> (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently**.

(Emphasis added.)

Act 193, effective June 18, 2008, amended section 706-668.5. As amended, the statute read:

> (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently

3

> or consecutively.  **Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively**.

(Emphasis added.)  Section 3 of Act 193 stated, "This Act shall apply to all terms of imprisonment imposed on or after the effective date of this Act."

Consistent with the two versions of section 706-668.5, the State issued Policy No. Cor.05.05 in June 2009.  The policy, approved by Frank, stated that, pursuant to the amended statute, "all sentences imposed prior to [June 18, 2008,] will be computed under the previous version of [the] statute."  ECF No. 21-2, PageID # 151.  It then stated that, "pursuant to ACT 193, all sentences imposed on June 18, 2008, or after will run concurrently with any other sentence unless the court orders the sentence to run consecutively."  Id. at PageID # 152.

On or about September 2, 2009, Thomas L. Read of the State of Hawaii Department of Public Safety sent Caspino a letter informing him that his revocation sentences in the two state cases were running consecutively.  The letter further stated that, given credit for time served, Caspino's maximum term release date for Criminal Number 01-1-2684 was in March 2010, and his maximum term release date for Criminal Number 04-1-0713 was in March 2014.  See ECF No. 14-1, PageID # 117.

On or about October 12, 2010, Caspino sent the State a letter, asking it to correct his maximum term release date.

4

Caspino said that the sentences in the two cases were supposed to run concurrently.  See ECF No. 14-1, PageID # 122.

On or about November 10, 2010, the State responded that, as stated in the letter dated September 2, 2009, Caspino's maximum term release date was March 10, 2014.  The State told Caspino that he could seek legal representation if he had any questions.  See ECF No. 14-1, PageID # 125.

Caspino, represented by Emmanuel G. Guerrero, Esq., obtained an amendment from Judge Wilson of the revocation sentence in Criminal Number 04-1-0713.  On April 26, 2011, Judge Wilson clarified that Caspino was sentenced to "FIVE YEARS INCARCERATION, TO RUN CONCURRENTLY WITH CTS. 1 AND 2 AND WITH ANY OTHER SENTENCE DEFENDANT IS SERVING."  Guerrero faxed a copy of the amended sentence to the prison on April 29, 2011.  See ECF No. 14-1, PageID # 126-27.  Caspino was released the day the prison received the fax.  See ECF No. 14-1, PageID # 128-29.

**III.     STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record,

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).  "When the moving party has carried its burden

under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). See Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587). Accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying

facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id.  When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  Id.

**IV.     ANALYSIS.**

    **A.   The State and Frank in His Official Capacity Are Immune With Respect to the § 1983 Claim.**

Caspino, asserting various violations of the United States Constitution, seeks relief for those violations under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity . . . .

The State and Frank in his official capacity are entitled to summary judgment with respect to the § 1983 claim because states and state officers acting in their official capacities are immune from monetary damage claims under § 1983; they are not "persons" within the meaning of § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).  This

immunity stems from the Eleventh Amendment, which bars suits against states.  See id. at 67 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity . . . .").

### B. Frank In His Individual Capacity Has Qualified Immunity With Respect to the § 1983 Claim.

The court turns next to Caspino's § 1983 claim against Frank in his individual capacity.  Qualified immunity shields government officials from individual liability for civil damages so long as their actions do not violate clearly established federal statutory or constitutional rights.  See Pearson v. Callahan, 555 U.S. 223, 231 (2009).  The qualified immunity inquiry asks whether the officer's alleged conduct violated a constitutional right and whether the right was clearly established at the time of the alleged misconduct.  Id.  Caspino bears the burden of showing that the right at issue was clearly established.  See Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002).

In approving the State's policy regarding computation of concurrent versus consecutive sentences, Frank accurately restated the former and current versions of section 706-668.5.  Caspino does not challenge the constitutionality of the statute

9

itself, either in its prior or its present form. Frank's application of the policy and section 706-668.5 in Caspino's case did not violate any of Caspino's clearly established federal statutory or constitutional rights. Accordingly, Frank has qualified immunity with respect to the individual capacity § 1983 claim.

>    **C.   The State and Frank are Entitled to Summary Judgment With Respect to the Remaining State Law Claims.**

The Complaint also asserts violations of the Hawaii constitution and a negligence claim. Each of these claims arises out of Caspino's alleged overdetention. See Complaint for Damages, ECF No. 1-1. Caspino's opposition to the present motion clarifies the allegations in his Complaint. The opposition states that he "was over-detained because Defendants failed to calculate his prison sentences correctly." ECF No. 19, PageID # 135. The problem with Caspino's position is that the State and Frank properly calculated Caspino's sentence in accordance with Hawaii law.

Caspino had his probation revoked and was resentenced on two different days in March 2006 by two different judges in two different criminal cases. According to the version of section 706-668.5 of Hawaii Revised Statutes then in effect, those sentences were supposed to run consecutively because

"[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently."

Caspino's position is that, in Criminal Number 04-1-0713, the five-year sentence Judge Wilson imposed in March 2006 was intended by the judge to run concurrently with the sentence in Criminal Number 01-1-2684. Caspino points to the language in Criminal Number 04-1-0713 providing that Caspino was sentenced to "FIVE (5) YEARS INCARCERATION, TO RUN CONCURRENTLY WITH CTS. 1 AND 2." This language cannot be read as referring to anything other than concurrent sentences for Counts 1 and 2, the two sexual assault counts for which Caspino was convicted in that case. Nothing in the record indicates that Judge Wilson even mentioned the sentence in Criminal Number 01-1-2684. Certainly, his order did not say that Caspino's sentence was to run concurrently with the sentence imposed in any other case.

On April 26, 2011, Judge Wilson amended the language stating Caspino's sentence. As amended, Caspino's five-year sentence in Criminal No. 04-1-0713 was to run concurrently "with any other sentence Defendant is serving." This language clearly provided for the revocation sentences in both of the state cases to run concurrently. Caspino's attorney faxed this order to the prison on April 29, 2011, and Caspino was immediately released.[1]

---

[1] Caspino has not argued that the three-day period between the filing of Judge Wilson's amended order on April 26, 2011, and

Under these circumstances, Caspino raises no triable issue as to whether the State or Frank overdetained him.

Caspino urges the court to read documents he submits as demonstrating that his sentences were always supposed to run concurrently.  For example, an Initial Classification Report dated June 20, 2006, ECF No. 21-4, includes the handwritten word "concurrent" next to a bracket.  Examining the bracket in the light most favorable to Caspino, the court treats it as relating to Criminal Numbers 01-1-2684 and 04-1-0713.  But even interpreting the bracket in the light most favorable to Caspino, this document does not establish that Caspino was overdetained. The date of the document is subsequent to the dates on which Caspino was sentenced in the two state cases.  The document appears to be a prison form, not a form completed by a sentencing judge.  Even if prison officials initially thought Caspino's sentences were supposed to run concurrently, that thought was at odds with the Hawaii statute that, in 2006, provided for consecutive sentences in the absence of a judge's express ruling that the sentences were concurrent.  That initial thought would have been, more importantly, at odds with what Judge Wilson ordered.  Prison officials do not have the authority to change a judge's sentence, even if prison officials think it was wrong. There are reconsideration and appellate procedures designed to

---

Caspino's release on April 29, 2011, violated any right.

correct errors.  Prison officials have no authority to nullify those procedures with their own "corrections."  Caspino cites absolutely no authority for the proposition that a prison official's purported understanding of the law gives rise to a right on Caspino's part.

For the same reasons, this court is not persuaded by Caspino's references to the Hawaii Paroling Authority's Fact Sheet noting Caspino's minimum and maximum terms of imprisonment, ECF No. 21-5, or a progress report by the CCA-Saguaro Correctional Center indicating that Caspino's "expected release date" was March 12, 2010.  See ECF No. 21-6.  With respect to the paroling authority's document, a paroling authority, like prison officials, cannot nullify a judge's ruling.  And even without that restriction, the state is not required by any law to implement a deadline once it realizes, before the deadline has been reached, that the deadline has been erroneously stated.

With respect to the CCA-Saguaro Correctional Center document discussing the "expected release date," the court notes that an "expected release date" is not the same as a "maximum term release date."  The former is simply when a prisoner is expected to be released.  The latter is the maximum length of time a prisoner can legally be imprisoned.  Moreover, as discussed above, the document from the prison does not appear to have been approved by the sentencing judge, and prison officials

cannot nullify a judge's sentence.  Caspino cites no authority for the proposition that a prison official's erroneous understanding of the law gives rise to a right on Caspino's part.  Nor does Caspino identify any action he took in reliance on any erroneous calculation.

Although the court can well understand that Caspino was anticipating an earlier release and that the delay may have been emotionally devastating, that in no way means he was held for an unconstitutionally long term.

## V. CONCLUSION.

The court grants the motion for summary judgment.  The State and Frank in his official capacity have immunity with respect to the § 1983 claim.  Frank has qualified immunity with respect to the § 1983 claim asserted against him in his individual capacity.  Finally, because the State of Hawaii and Frank demonstrate that they did not overdetain Caspino, summary judgment is granted in their favor on the remaining state-law claims.

The Clerk of Court is directed to enter judgment in favor of the State and Frank and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 28, 2013.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Caspino v. Frank, Civ. No. 12-00310 SOM/BMK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT